**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROGER ROMERO; GEORGE ROMERO,

    Plaintiffs - Appellants,

v.

THE BOARD OF COUNTY
COMMISSIONERS, County of Lincoln,
State of New Mexico; LINCOLN
COUNTY SHERIFF'S DEPARTMENT;
CHARLIE EVANS, Deputy of the Lincoln
County Sheriff's Department of the County
of Lincoln, State of New Mexico;
PRESTON STONE, individually and as
Lincoln County Commissioner; ALAN P.
MOREL, Attorney at law, serving as
attorney for the Board of County
Commissioners of the County of Lincoln
County; LYNN WILLARD; DALLAS
DRAPER, Individually and as Lincoln
County Commissioner; THOMAS
STEWART, individually and as Lincoln
County Commissioner; ELAINE ALLEN,
individually and as Lincoln County
Commissioner; ERIC BURTON, guardian
ad litem,

    Defendants - Appellees.

No. 19-2165
(D.C. No. 2:18-CV-01137-JAP-GJF)
(D. N.M.)

_____

**ORDER AND JUDGMENT***

_____

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and collateral

_____

Before **BACHARACH**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

Roger and George Romero appeal the district court's dismissal of their action raising state-law tort claims and federal constitutional claims under 42 U.S.C. § 1983 against the Board of County Commissioners of Lincoln County ("the Board") and its individual commissioners, the Lincoln County Sheriff's Department and one of its deputies, and the county attorney. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

This appeal arises from the appellants' allegation that the defendants unlawfully prosecuted Roger Romero to take their property. Appellants own property alongside a major highway in Lincoln County, New Mexico. Within their community, they are known to be hoarders who place large numbers of wooden pallets and other materials on their property. According to the appellants, it is generally known that they suffer from mental illnesses. In particular, Roger Romero suffers from dementia and receives Social Security due to his disability.

Over the past several years, the Board has tried to enforce County Ordinance 2016-02, regulating acceptable waste in Lincoln County, against appellants based on the accumulation of waste on their property. On multiple occasions, appellants were

_____

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

deemed incompetent and the cases were dismissed. In December 2016, Deputy Charlie Evans of the Lincoln County Sheriff's Office, acting at the Board's direction, issued a new citation to Roger Romero for violating Ordinance 2016-02. County attorney Alan Morel ("Attorney Morel"), acting at the Board's direction and as a special prosecutor with the district attorney's office, initiated criminal proceedings based on the citation. At the trial in August 2017, no one—including Roger Romero, his appointed counsel, Attorney Morel, or the judge—raised an issue regarding Roger Romero's competency. Roger Romero was found guilty and sentenced to thirty days in jail and sixty days probation, with a condition that he clean his property and comply with the ordinance. An appeal was not taken.

On September 22, while Roger Romero was serving his active sentence, Attorney Morel served him with a notice and a copy of Ordinance 2016-02, explaining that he had thirty days to remove all unlawful waste from his property or else the property would be cleaned at his expense and the cost would constitute a lien on the property to be enforced according to state law. When Roger Romero failed to clean the property, the Board hired contractors to do so. In January 2018, Attorney Morel sent Roger Romero a second notice, stating that he intended to file a Claim of Lien on the property in the amount of $17,454.70. Attorney Morel then filed the Claim of Lien and, in February, filed a foreclosure action, which remains pending.

In April 2018, Roger Romero, through his current counsel, filed a habeas petition in state court, alleging that he was incompetent during his 2017 trial. Although he had already served his sentence, he contended that the lien and

3

foreclosure action were collateral consequences of his conviction. In February 2019, the state district court granted the writ and set aside the conviction. The state appealed, and the matter is pending before the New Mexico Court of Appeals.

Proceedings leading to this appeal were filed in December 2018 raising state-law tort claims and federal constitutional claims under § 1983. Appellants alleged that Defendants, knowing of Roger Romero's incompetence, used Ordinance 2016-02 to unlawfully prosecute him and take their property. The action was dismissed by the district court, on the conclusion: (1) appellants failed to state a claim for relief; (2) the commissioners, Deputy Evans, and Attorney Morel (collectively, "the Individual Defendants") were entitled to qualified immunity; and (3) Attorney Morel was entitled to absolute immunity for actions taken as a prosecutor. Supplemental jurisdiction over the state-law claims was declined and those claims were dismissed without prejudice. This appeal was then filed by the Romeros, alleging the district court erred in dismissing their substantive due process claims.[1]

---

[1] Because they address only their substantive due process claims against the Individual Defendants in their individual capacities, appellants have waived any challenge to the dismissal of their: (1) procedural due process, equal protection, takings, Eighth Amendment, and state-law claims; (2) official capacity claims against the Individual Defendants; and (3) claims against the Board and the Sheriff's Department. See United States v. Walker, 918 F.3d 1134, 1151 (10th Cir. 2019) ("[A] party's failure to address an issue in its opening brief results in that issue being deemed waived."); United States v. Wooten, 377 F.3d 1134, 1145 (10th Cir. 2004) (noting "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation" are waived (quotation omitted)).

## II

We review determinations of absolute immunity and qualified immunity de novo. Perez v. Ellington, 421 F.3d 1128, 1133 (10th Cir. 2005) (absolute immunity); Columbian Fin. Corp. v. Stork, 811 F.3d 390, 396 (10th Cir. 2016) (qualified immunity). "To establish a substantive due process violation, a plaintiff must show that the [defendants] acted in a manner so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Ellis ex rel. Est. of Ellis v. Ogden City, 589 F.3d 1099, 1101 (10th Cir. 2009) (quotation omitted).

## A

Appellants contend that Attorney Morel committed prosecutorial misconduct when he did not raise Roger Romero's competency at trial and is, therefore, not entitled to absolute immunity. However, a prosecutor is absolutely immune from a § 1983 suit for damages based on actions taken in "initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Though such immunity may "leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty," id. at 427, absolute immunity still applies when a prosecutor withholds "information relevant to the defense" from the court, id. at 431 n.34. Accordingly, we affirm the

5

dismissal of appellants' substantive due process claim against Attorney Morel for actions based in his role as a prosecutor.[2]

**B**

Appellants allege that the Individual Defendants are not entitled to qualified immunity because their conduct sufficiently shocks the conscience to support a substantive due process claim. To overcome a defense of qualified immunity, appellants must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Cummings v. Dean, 913 F.3d 1227, 1239 (10th Cir. 2019) (quotation and emphases omitted).

We do not address whether appellants' constitutional rights were violated because they fail to satisfy the "clearly established" prong of qualified immunity. See id. (noting we may address the prongs "in either order"). A right is clearly established "if courts have previously ruled that materially similar conduct was unconstitutional, or if a general constitutional rule already identified in the decisional

---

[2] It is disputed whether Attorney Morel is also entitled to absolute immunity for post-trial acts, including informing Roger Romero he had thirty days to clean the property, assisting the Board in hiring contractors to clean up the property, filing the Claim of Lien, and filing the foreclosure action. Attorney Morel was not afforded absolute immunity below for the substantive due process claim based on these events. And as we have explained, "[a]bsolute immunity does not extend to actions that are primarily investigative or administrative in nature" and not necessary for a prosecutor to "fulfill his function as an officer of the court." Scott v. Hern, 216 F.3d 897, 908 (10th Cir. 2000) (quotation omitted). But we need not decide whether Attorney Morel was entitled to absolute immunity for post-trial acts because this claim was properly dismissed based on qualified immunity, as discussed below.

law applies with obvious clarity to the specific conduct at issue." Est. of Reat v. Rodriguez, 824 F.3d 960, 964-65 (10th Cir. 2016) (quotation, emphases, and alteration omitted). "[A] plaintiff may satisfy this standard by identifying an on-point Supreme Court or published Tenth Circuit decision; alternatively, the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Cox v. Glanz, 800 F.3d 1231, 1247 (10th Cir. 2015) (quotation omitted).

No showing has been made that "existing precedent . . . placed the . . . constitutional question beyond debate." White v. Pauly, 137 S. Ct. 548, 551 (2017) (quotation omitted). Appellants contend that the trial or conviction of a person who is legally incompetent is a substantive due process violation. But they cite no case supporting the proposition that an individual, who allegedly knows that a defendant was found incompetent several years prior, violates the defendant's substantive due process rights by not raising the issue of competency when neither the defense attorney nor the judge raises it. Further, apart from Attorney Morel, who is entitled to absolute immunity, it is unclear how any of the Individual Defendants could be responsible for omissions at trial, and the appellants provide no case supporting such an extension of responsibility.

As for the post-trial deprivation of property, appellants cite only Coleman v. Turpen, 697 F.2d 1341 (10th Cir. 1983) (per curiam). However, Coleman did not concern a substantive due process claim and is otherwise factually distinguishable. Coleman held that a plaintiff stated a procedural due process claim on the ground that

7

the prosecutor and sheriff sold his personal property while he was in custody and without prior notice or adequate procedural safeguards. Id. at 1343, 1345. Unlike the plaintiff in Coleman, appellants assert substantive due process claims. Additionally, appellants were provided the procedural safeguards we held were lacking in Coleman. Attorney Morel followed the procedures in the ordinance and notified Roger Romero that he had thirty days to clean his property or else he would be responsible for the cleanup costs.[3] After appellants failed to clean the property, he notified Roger Romero of the Claim of Lien, which was supported by documentation for the cleanup costs, and filed the foreclosure action.[4]

Because no authority has been offered that clearly establishes a substantive due process violation on these facts, the claims against the Individual Defendants were properly dismissed on the basis of qualified immunity.

---

[3] In their reply brief, appellants also contend that Roger Romero's due process rights were violated when Attorney Morel sent a notice giving him only thirty days to clean the property, at a time when he was still in jail and his sixty-day probation, which included a condition that he clean the property, had not yet begun. But they did not raise this argument in their opening brief, and thus, it is waived. See M.D. Mark, Inc. v. Kerr-McGee Corp., 565 F.3d 753, 768 n.7 (10th Cir. 2009). In any event, under the ordinance, thirty days was the most time he could have received to cure the violation. And once released from custody, he still had over twenty days left, more than double the ordinance's ten-day minimum.

[4] Appellants argue the Individual Defendants could have petitioned for the appointment of a conservator under N.M. Stat. Ann. § 45-5-404 and, thus, could have helped ensure Roger Romero's compliance with the county's waste ordinance. But they cite no authority, much less clearly established law, requiring the filing of such a petition before the Individual Defendants could enforce the ordinance. See N.M. Stat. Ann. § 45-5-404 (noting categories of individuals who "may" file a petition).

8

## III

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Senior Circuit Judge